# Jackson Walker LLP

John Koepke
(214) 953-6005 (Direct Dial)
(214) 661-6660 (Direct Fax)
jkoepke@jw.com

August 6, 2026

**Via ECF**

Honorable Judge George C. Hanks, Jr.
United States District Judge
515 Rusk St., Room 6202
Houston, Texas 77002

> Re:   Civil Action 26-cv-3267; *Paula Fisher v. Stewart Information Services Corporation;* in the United States District Court of the Southern District of Texas, Houston Division

Dear Judge Hanks:

Pursuant to Section 6(B) of the Court's Procedures, we write to request a Pre-Motion Conference on Stewart Information Services Corporation ("SISCO") anticipated Motion to Dismiss under Rule 12(b)(6).

## I.    Basis for the Anticipated Motion

SISCO's motion addresses the Plaintiff's claims for negligent undertaking and negligent misrepresentation based upon the face of the Complaint and its attached exhibits. Dismissal is required as a matter of law.

### A.    Failure to State a Claim Upon Which Relief Can be Granted

In the Fifth Circuit, assessing whether a claim is facially plausible is a "two-step inquiry"; first the court "must identify the complaint's well-pleaded factual content" and "set aside 'any unsupported legal conclusions,' the truth of which '[the court] cannot assume.'" *Waller v. Hanlon*, 922 F.3d 590, 599 (5th Cir. 2019) (quoting *Doe v. Robertson*, 751 F.3d 383, 386-87 (5th Cir. 2014)). Second, the court must determine "whether [the court] can reasonably infer from the complaint's well-pleaded factual content 'more than the mere possibility'" of liability. *Waller*, 922 F.3d at 599 (quoting *Iqbal*, 556 U.S. at 679).

"Generally, a court ruling on a 12(b)(6) motion may rely on the complaint, its proper attachments, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011).

### B.    Negligent Undertaking

Texas caselaw reveals no precise control threshold a parent must cross before undertaking a duty to its subsidiary's customers. "Texas courts have made clear that mere possession of 'the authority to compel' a subsidiary is not enough—the parent 'must actually' exercise that authority in a manner relevant to the undertaking inquiry." *In re DePuy Orthopaedics, Inc., Pinnacle Hip Implant Prod. Liab. Litig.*, 888 F.3d 753, 783 (5th Cir. 2018).

Honorable Judge George C. Hanks, Jr.
August 6, 2026
Page 2

As a general rule, a court will not disregard the corporate fiction and hold a corporation liable for the obligations of its subsidiary except where it appears the corporate entity of the subsidiary is being used as a sham to perpetrate a fraud, to avoid liability, to avoid the effect of a statute, or in other exceptional circumstances when the corporate form has been used as part of a basically unfair device to achieve an inequitable result. See *Kasprzak v. Am. Gen. Life & Acc. Ins. Co.*, 914 F. Supp. 144, 146–47 (E.D. Tex. 1996); *Keyes v. Weller*, 692 S.W.3d 274, 278–80 (Tex. 2024); *Lucas v. Texas Indus., Inc.,* 696 S.W.2d 372, 374–75 (Tex.1984); *Torregrossa v. Szelc,* 603 S.W.2d 803, 804 (Tex.1980). Now consistent with these cases, the Business Organizations Code supplements common law. See, Tex. Bus. Orgs. Code § 21.223(a)(2) – (3), (b). Section 21.224 confirms that liability for an obligation limited by Section 21.223 "is exclusive and preempts any other liability imposed for that obligation under common law or otherwise." *Id.* § 21.224.

However, there must be something more than mere unity of financial interest, ownership, and control for a court to treat the subsidiary as the alter ego of the parent and make the parent liable for the subsidiary's actions. *Lucas,* 696 S.W.2d at 374.

Fisher argues that SISCO's name or branding appeared in transaction documents. However, *Kasprzak v. Am. Gen. Life & Acc. Ins. Co.*, 914 F. Supp. 144 (E.D. Tex. 1996) holds that the use of a corporate designation on an insurance policy issued by a subsidiary is insufficient as a matter of law to establish the liability of the parent. *See American Eagle Ins. Co. v. United Technologies Corp.,* 48 F.3d 142, 147 (5th Cir. 1995), *reh'g granted on other grounds,* 51 F.3d 468 (5th Cir.1995).

C.      Negligent Misrepresentation

To state a claim for negligent misrepresentation, a plaintiff must allege that "(1) the defendant made a representation in the course of its business or in a transaction in which it had an interest, (2) the defendant supplied false information for the guidance of others in their business, (3) the defendant did not exercise reasonable care or competence in obtaining or communicating the information, and (4) the plaintiff suffered pecuniary loss by justifiably relying on the representation." *Kersh v. UnitedHealthcare Ins. Co.*, 946 F. Supp. 2d 621, 638–39 (W.D. Tex. 2013); *Polinard v. Covington Specialty Ins. Co.*, No. SA-21-cv-00353-XR 2021 WL3742404 at *4 (W.D.Tex. Aug. 24, 2021) (quoting *Cunningham v. Tarski*, 365 S.W.3d 179, 186–87 (Tex. App.—Dallas 2012, pet. denied)).

Stewart Information Services Corporation (SISCO), is a publicly traded parent company. See Doc 1 at pg. 5, para 20 referring to SISCO 2025 Form 10-K.

SISCO is the parent company of Stewart Title Guaranty Company, the title insurer which issued an Owner's Policy of Title Insurance to Plaintiff's buyer. Plaintiff admits this in Paragraph 36, (at Doc 1 pg 5; and Doc 1-2, Ex. 3 pg 19; Exh. 5 pg 25). SISCO was not a party to the transaction about which Plaintiff complains. Plaintiff's claims against SISCO fail as there was no representation made to her, which was false, and upon which she relied.

Undersigned counsel conferred with Plaintiff on August 3 and 4, 2026, regarding the relief requested in the anticipated motion; the parties did not reach agreement, and Plaintiff advises that she is opposed to SISCO's Motion. SISCO believes this motion will materially narrow the issues, promote judicial efficiency, and avoid unnecessary litigation costs.

Honorable Judge George C. Hanks, Jr.
August 6, 2026
Page 3

SISCO is available at the Court's earliest convenience for the requested pre-motion conference, whether in person or by telephone.

Respectfully submitted,


By: *John A. Koepke*

John A. Koepke
State Bar No. 11653200
JACKSON WALKER L.L.P.
2323 Ross Avenue, Suite 600
Dallas, Texas 75201
(214) 953-6005
(214) 661-6660 (facsimile)
jkoepke@jw.com

Jennifer Bryant
State Bar No. 03276600
JACKSON WALKER L.L.P.
1401 McKinney St., Suite 1900
Houston, Texas 77010
(713) 752-4212
(713) 308-4105 (facsimile)
jbryant@jw.com

**ATTORNEYS FOR DEFENDANT
STEWART INFORMATION SERVICES
CORPORATION**

### CERTIFICATE OF SERVICE

This is to certify that on this 6th day of August, 2026 a true and correct copy of the foregoing instrument was e-served on counsel of record according to the Texas Rules of Civil Procedure.

Paula Fisher                                Via Email ECF paula10000@yahoo.com
8805 Tamiami Trail N. #260
Naples, Florida 34108
(239) 989-8801
Plaintiff, Pro Se


_____ *John A. Koepke* _____
John A. Koepke